IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FIDELITY & GUARANTY INSURANCE
UNDERWRITERS, INC.                                    PLAINTIFF/COUNTER-DEFENDANT

vs.                                                            No. 1:04CV115-D-D

JANICE SULLIVAN                                       DEFENDANT/COUNTER-PLAINTIFF

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Plaintiff's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

This declaratory judgment action arises from a claim made by the Defendant for $600,000 in uninsured motorist benefits under an automobile insurance policy issued by the Plaintiff Fidelity & Guaranty Insurance Underwriters, Inc. (F&G) to the Defendant. The Plaintiff filed this action, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaratory judgment that the Defendant is not entitled to uninsured motorist benefits under the subject policy.

On June 15, 2000, the Plaintiff (F&G) issued an automobile insurance policy (Number PPA 1047054921) to the Defendant Janice Sullivan; the policy included uninsured motorist coverage. On August 8, 2000, Sullivan was driving a vehicle covered by the policy when she was involved in an automobile accident with Peggy Earnest, an uninsured motorist. Sullivan notified F&G of the accident the next day and advised F&G that Peggy Earnest was an uninsured motorist. F&G paid Sullivan for the loss of her vehicle and her medical expenses up to the policy limit.

Subsequently, on June 17, 2003, F&G sent Sullivan a letter advising that, if she chose to do

so, she needed to settle her claim for uninsured motorist benefits with F&G or file a lawsuit against F&G seeking uninsured motorist benefits on or before August 8, 2003 (three years after Sullivan became aware that Peggy Earnest was uninsured). Sullivan did not file suit against F&G, but instead filed a lawsuit against Peggy Earnest on August 1, 2003, in the Circuit Court of Itawamba County; F&G, not a party to the action, was not served with process. Earnest did not answer the suit and a $750,000 default judgment was entered against Earnest in Sullivan's favor on February 2, 2004. Sullivan then sent a letter to F&G, along with a copy of the state court complaint and default judgment, requesting that F&G pay Sullivan $600,000 in uninsured motorist benefits, the policy limit. F&G then filed this declaratory judgment action on April 29, 2004, requesting that this court determine that there is no coverage for Sullivan's uninsured motorist claim under the subject policy.

Having carefully considered the submissions of the parties, the court finds that the Defendant is not entitled to underinsured motorist benefits under the subject insurance policy because her claim is barred by the statute of limitations.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific

facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

## C. Discussion

In Mississippi, a cause of action against an insurer for uninsured motorist benefits is an action sounding in contract. Bolden v. Brooks, 138 Fed. Appx. 601, 604 (5th Cir. 2005); Employers Mut. Cas. Co. v. Tompkins, 490 So. 2d 897, 906 (Miss. 1986). Mississippi applies a three-year statute of limitations period to actions for breach of written contract. Bolden, 138 Fed. Appx. at 604; Jackson v. State Farm Mut. Auto. Ins. Co., 880 So. 2d 336, 343 (Miss. 2004); Miss. Code Ann. § 15-1-49. In cases such as this, the statute of limitations accrues and begins running when the insured claimant knew or reasonably should have known that the alleged tortfeasor was an uninsured motorist. Bolden, 138 Fed. Appx. at 604; Jackson, 880 So. 2d at 341.

The Defendant Sullivan admits that she knew that the alleged tortfeasor, Peggy Earnest, was uninsured on August 8, 2000, the date of the accident. Thus, Sullivan's cause of action accrued on that same date and the three year statute of limitations began running. F&G even sent a letter to

Sullivan on June 17, 2003, advising her that she had until August 8, 2003, to file a claim against F&G or her claim would be barred. Nonetheless, Sullivan has never filed a legal claim against F&G. Instead, she filed suit against Peggy Earnest and obtained a default judgment which she now contends that her own insurer is obligated to pay.

Because the statute of limitations on Sullivan's claim for uninsured motorist benefits from F&G expired on August 8, 2003, with Sullivan having not filed a claim against F&G, the court is constrained to find that Sullivan's claim is barred by Mississippi's three-year statute of limitations. See Bolden, 138 Fed. Appx. at 604-605. Thus, the court finds that the Defendant is not entitled to uninsured benefits under the subject policy, and the Plaintiff is entitled to a declaratory judgment in its favor that it has no duty to provide uninsured motorist benefits to the Defendant in connection with the subject accident.

### D. Conclusion

In accordance with the above-cited authorities, the court finds that the Defendant is not entitled to uninsured motorist benefits under the subject insurance policy because her claim is barred by the applicable statute of limitations.

A separate order in accordance with this opinion shall issue this day.

This the 11 day of January 2006.

/s/ Glen H. Davidson
Chief Judge